FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT 2006 MAR -1 AM 8 11

FOR THE SOUTHERN DISTRICT OF GEORGIA CLERK _L. Febreder_

SO. DIST. OF GA.

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHERYL M. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-76 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits and Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

I.      **BACKGROUND**

Plaintiff applied for SSI payments and disability benefits on October 23, 2002.  Tr. 66-70.  She initially alleged disability due to fatigue, shaking, and dizziness.  Tr. 66.  She also has been diagnosed with fibromyalgia, osteoarthritis, and depression.  Tr. 32.  The

Social Security Administration denied plaintiff's applications and her request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf, the ALJ issued an unfavorable decision dated September 7, 2004. Tr. 29-35.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Sections 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity to perform medium work. The claimant's non-exertional limitations are as follows: occasional climbing (never on ladders, ropes or scaffolds); must be allowed to wear corrective lenses for vision; should not work around hazards such as unprotected heights and unguarded dangerous machines; and mild to moderate pain. Due to mental impairment, claimant's moderate depressive symptom-based interruptions of attention, concentration, ability to work to schedule, as well as the ability to deal with the general public and co-workers, claimant is best suited for simple work without prolonged interpersonal contact.

5. The claimant's past relevant work as a laundry worker did not require the performance of work-related activities precluded by her residual functional capacity. The claimant's medically determinable fibromyalgia–by a questionable history; osteoarthritis; and depression do not prevent the claimant from performing her past relevant work. The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of the decision.

Tr. 34.

2

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Tr. 5-7. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ failed to consider adequately the medical evidence of record, to evaluate her subjective complaints of pain, to consider the side effects of her medications, and to propose an appropriate hypothetical to the vocational expert during her hearing. She also argues that the ALJ's decision was not supported by substantial evidence.

## II.    THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).

3

Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

### A.  Medical Evidence of Record

Plaintiff first contends that the ALJ failed to evaluate properly the medical evidence of record. Specifically, plaintiff avers that the ALJ mischaracterized the reports of Dr. Joel A. Greenberg, a consulting physician, that the ALJ did not consider the opinion of Dr.

Kenneth Azar regarding plaintiff's mental health, and that the ALJ's decision contained inappropriate and inaccurate medical determinations.

In addressing Dr. Greenberg's examination of plaintiff, the ALJ noted that Dr. Greenberg found "no physical limitations or no evidence of neurologic abnormality. Dr. Greenberg's impression was history of fibromyalgia, anxiety and depression. He commented that she '. . . develops a tremor which persists through much of the examination' but did not endorse this absurdity as a medical impairment." Tr. 31 (emphasis in original).

Dr. Greenberg, a neurologist, found that plaintiff suffered from anxiety or depression and a history of fibromyalgia, with "no evidence of neurologic abnormality." Tr. 311. He opined that plaintiff's "most disabling feature[s]" were her psychiatric symptoms, but deferred such a finding to a psychiatric evaluation. Id. In his physical work ability assessment, Dr. Greenberg found no significant physical limitations on plaintiff's ability to work. Tr. 312-14. The Court finds the ALJ's representation of Dr. Greenberg's findings to be accurate.

Dr. Azar, plaintiff's treating psychiatrist, completed a "mental impairment questionnaire" on February 6, 2003. He diagnosed plaintiff therein with "mood disorder secondary to medical illness." Tr. 243. The ALJ noted Dr. Azar's findings in the questionnaire as follows:

> Claimant's treating psychiatrist (who never treated her alleged physical ailments) noted that claimant was unable to do any tasks for any length of time because of dizziness and weakness in her muscles. She was diagnosed with fibromyalgia. She had pain in her neck, back, upper and lower extremities. She experienced weakness in her legs which caused an unsteady gait. She denied any psychotic symptoms. She had no perceptual disorder. Claimant's treating psychiatrist then opined that claimant was a hard worker. However, she could not continue after she started experiencing

5

>debilitating induced <u>physical</u> symptoms which caused her depression; she had
>poor ability to concentrate due to her symptom depression.

Tr. 31 (emphasis in original). Dr. Azar also observed, in conclusory fashion, that plaintiff

"is presently unable to function in any work setting." Tr. 244.

Plaintiff contends that the ALJ inappropriately discounted Dr. Azar's medical

opinion. Under Social Security Ruling ("SSR") 96-5p, the determination of disability

regarding a Social Security claim is reserved to the ALJ, and treating source opinions on

issues reserved to the ALJ are never entitled to controlling weight or special significance.

SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled

to substantial weight unless good cause exists for not heeding the treating physicians's

diagnosis," a "treating physician's report may be discounted when it is not accompanied by

objective medical evidence or is wholly conclusory." <u>Edwards v. Sullivan</u>, 937 F.2d 580,

583 (11th Cir. 1991); <u>accord</u> <u>Schnorr v. Bowen</u>, 816 F.2d 578, 581 (11th Cir. 1987). The

ALJ "must specify what weight is given to a treating physician's opinion and any reason for

giving it no weight, and failure to do so is reversible error." <u>MacGregor v. Bowen</u>, 786 F.2d

1050, 1053 (11th Cir. 1986).

The ALJ in this case noted in his decision that plaintiff's examining psychiatrists

have attributed her psychiatric condition to physical impairments. He further noted that no

examining physician has found a significant physical impairment. Tr. 32. He concluded

that, to the extent any physician or psychiatrist had opined that plaintiff was disabled,[1] the

---

[1]The Court does not find it clear from the medical record that any physician or
psychiatrist rendered such an opinion based on their own observations. Dr. Greenberg, a
neurologist, observed that plaintiff might be disabled due to her mental impairments, but
found no physical disability. Dr. Azar attributed her mental impairments to her physical

disability finding was not supported by objective evidence of a physical disability. Id. The Court accordingly finds that the ALJ properly discounted the clinical observations of Dr. Azar, to the extent those observations supported a disability finding, by noting that the findings were not supported by objective medical evidence.

Plaintiff also asserts that the ALJ reached inappropriate and inaccurate medical conclusions in his decision when he questioned a Global Assessment of Functioning ("GAF") finding by a psychiatrist at McDuffie County Mental Health Center[2] and characterized plaintiff's tremors as "intentional." Plaintiff asserts that the ALJ exhibited an inaccurate understanding of psychiatric testing and the medical terminology associated with tremors. To the extent that the ALJ erred in either instance, the Court finds the errors to be harmless. The ALJ did not rely on any discrepancy in GAF scores in making his disability determination, which instead was based on the lack of objective, physical limitations or illnesses to support the "mood disorder" diagnosed by plaintiff's treating psychiatrists.[3] Regarding plaintiff's tremors, whatever terminology is used to describe them, no physician

---

disability. Similarly, Dr. Ismael Hernandez, a physician who conducted a consultative examination of plaintiff, noted that she was "disabled by her psychiatric symptoms" and recommended a psychiatric evaluation to determine whether her physical symptoms of fibromyalgia were psychosomatic. Tr. 330.

[2]The ALJ noted that "[c]laimant was diagnosed with major depression, moderate but had a [GAF] of 40 . . . far worse than moderate on that scale showing an apparent misunderstanding of the GAF scale by Center personnel." Tr. 31.

[3]The Court does not find a psychiatric opinion in the medical record indicating that plaintiff's psychological symptoms exist independent of, or are not attributable to, her alleged physical disabilities or medical illness.

7

has found the tremors to be a disabling symptom in plaintiff's case.[4]  Thus, assuming

*arguendo* that the ALJ may have reached inaccurate or inappropriate medical conclusions

in his decision, none of those errors significantly affect his disability determination.


### B. Subjective Complaints

Plaintiff next contends that the ALJ inappropriately discounted her subjective

complaints, including pain, dizziness, and weakness.  The Eleventh Circuit has determined

that

> a three part 'pain' standard applies when a claimant attempts to
> establish disability through his or her own testimony of pain or other
> subjective symptoms.  The pain standard requires (1) evidence of an
> underlying medical condition and either (2) objective medical
> evidence to confirm the severity of the alleged pain arising from that
> condition or (3) that the objectively determined medical condition
> must be of a severity which can reasonably be expected to give rise
> to the alleged pain.  The standard also applies to complaints of
> subjective conditions other than pain.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citations omitted); accord Jackson

v. Bowen, 873 F.2d 1111, 1114 (11th Cir. 1989); Landry v. Heckler, 782 F.2d 1551, 1553-54

(11th Cir. 1986).  If plaintiff has a medically determinable ailment that can reasonably be

expected to produce the symptoms alleged, the Commissioner must evaluate the intensity and

persistence of the symptoms to determine to what extent the symptoms limit the plaintiff's

capacity to work.  20 C.F.R. §§ 404.1529(c), 416.929(c).

---

[4]Similarly, although various physicians noted abnormalities in plaintiff's gate, no
physician suggested that those abnormalities are disabling.

It is reversible error, however, if complaints of subjective pain are disregarded simply because they are not supported by objective clinical and laboratory medical findings. <u>Gibson v. Heckler</u>, 779 F.2d 619, 623 (11th Cir. 1986). The ALJ "must necessarily review the medical evidence and make a credibility determination in assessing the claimant's disability on the basis of pain." <u>Id.</u> at 624. If the ALJ decides not to credit a claimant's subjective testimony, he must discredit it explicitly and articulate his reasons for doing so. <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991).

In his decision, the ALJ noted plaintiff's fatigue and pain testimony and found it to be inconsistent with her testimony regarding her daily living activities. Tr. 32.[5] He also found her testimony concerning her subjective symptoms to be inconsistent with the medical evidence of record. <u>Id.</u>[6]

The Court finds that the ALJ properly relied upon plaintiff's testimony and, more importantly, the medical evidence of record in discrediting her subjective complaints of pain and weakness. The ALJ did not find plaintiff's symptoms to be supported by objective medical findings of injury or illness, and he appropriately discounted her symptoms.

**C. Side-Effects of Medications**

Plaintiff next contends that the ALJ erred in failing to consider the potential side-effects of Paxil, Seroquel, and Synthroid, medications taken by plaintiff, in assessing

---

[5]Specifically, the ALJ noted that plaintiff's housework, cooking, dishwashing, and shopping were inconsistent with the amount of fatigue that plaintiff says she experienced, and that her continued use of tobacco products, despite admonitions from doctors that smoking exacerbated her pain, were inconsistent with her pain symptoms. Tr. 32.

[6]The ALJ noted that the medical evidence of record contains little to suggest that plaintiff suffers from disabling physical illnesses or ailments. Tr. 31-32.

plaintiff's disability claim. While the Eleventh Circuit has recognized that "the side effects of medication could render a claimant disabled or at least contribute to a finding of disability," Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981), the record is devoid of any evidence that plaintiff has suffered any such side effects. At her hearing, plaintiff's counsel asked plaintiff whether her doctors had advised her that her tremors could be associated with Synthroid or Paxil, and plaintiff denied that she had been so advised. Tr. 372. The Court does not find, and plaintiff does not cite, any suggestion in the medical record that plaintiff's physical symptoms are associated with side-effects of her medication.

The record does contain descriptions of the three medications, which list potential side-effects of each. The Court, however, notes that, with each medication, the symptoms affecting plaintiff–tremor, anxiety, insomnia, and dizziness–are listed as "less serious side effects" that *may* result from taking the medication. Tr. 125, 131, 137. Even if plaintiff did suffer from side-effects, nothing in the record suggests that those side-effects would be so severe as to render plaintiff disabled or even contribute to any known physical ailment that would render her disabled. The ALJ's failure to consider the potential side-effects of plaintiff's medications, where no evidence supporting severe side-effects exists in the record, is not error.

### D. ALJ Hypothetical

Plaintiff next asserts that the "ALJ's hypothetical to the vocational expert was incomplete because it failed to take into account the severity of claimant's fatigue, gait and balance disorder, and other impairments." Pl. Brief at 24. At plaintiff's hearing, the ALJ submitted the following hypothetical to the vocational expert:

Assume that I found on the basis of the credible evidence before me that the claimant had demonstrated exertional impairments reflecting a residual functional capacity for either medium work or, or alternatively, light work. Assume that she would be limited, based on both Dr. Greenberg's opinion and her own testimony here today, which is even more limited in climbing. No more than occasional climbing and never on a ladder, rope, or scaffold. . . . Assume also, if you would, that she should be, or must be, allowed to wear corrective lenses for vision in order to work, that she should not work around work place hazards, such as unprotected heights, or unguarded dangerous machinery. And then lastly, although not really mentioned in the testimony, that she would have moderate depressive symptom based interruptions of attention, concentration, ability to work to a schedule, as well as deal with the general public and coworkers, resulting in claimant being best suited for simple work without prolonged interpersonal contact. The operative limit there again being . . . best suited for simple work without prolonged interpersonal contact.

Tr. 379-80. The ALJ later added "mild to moderate pain" to the hypothetical. Tr. 381. The vocational expert determined that the hypothetical person could perform as a laundry worker, plaintiff's previous employment. Id.

Plaintiff's counsel, on cross-examination, asked the vocational expert whether the hypothetical person could perform as a laundry worker if she were limited to light exertional work, had to balance herself with one arm, or had to take unscheduled breaks of thirty to sixty minutes at a time. The vocational expert answered that the hypothetical person could not perform as a laundry worker under any of those conditions. Tr. 382-83. In his decision, the ALJ noted that the conditions imposed on the hypothetical by plaintiff's counsel were "unproven" and "not persuasive." Tr. 33.

The underlying assumptions of hypothetical questions posed by an ALJ must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (per curiam); Pendley v. Heckler, 767 F.2d 1561,

11

1562-63 (11th Cir. 1985) (per curiam); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations, including that a claimant "often" has deficiencies in concentration, persistence or pace, is grounds for remanding case for further proceedings). Moreover, when there are physical and psychological impairments at issue, the hypothetical must encompass both types of impairments. Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (per curiam) (finding it improper to assume that just because a VE was aware of psychological problems those problems were taken into account in answering a hypothetical that referred only to physical problems).

The hypothetical in this case involved a person with corrected vision and moderate pain able to do medium work with no climbing, no workplace hazards, and no interpersonal contact. The Court does not find that the medical evidence of record supported a hypothetical with more physical limitations. The uncontradicted findings of two consulting physicians indicate that plaintiff has no work-related physical limitations, Tr. 312-14; 331-33, and no physician has suggested that the irregularity in plaintiff's gate or her tremors would affect her ability to work. The ALJ accounted for plaintiff's psychological limitations in providing that the hypothetical person have no interpersonal contact with coworkers. Accordingly, the Court finds that the ALJ's hypothetical more than adequately accounted for her physical and psychological limitations.

12

### E. Substantial Evidence

Finally, plaintiff contends that the vocational expert's "testimony does not constitute substantial evidence from which one can conclude that the claimant is disabled." Pl. Brief at 26. The Court notes at the outset that Local Rule 7.1 provides that briefs submitted to the Court are not to exceed twenty-five pages without prior written permission from the Court. The Court advised plaintiff of the page-limit rule in its August 24, 2005, Order. Doc. 8 at 1. Plaintiff did not move for leave to file a brief in excess of twenty-five pages, and yet her fifth ground for relief is contained on pages twenty-six through twenty-eight of her brief.

While the Court need not consider plaintiff's fifth and final ground for relief inasmuch as it is submitted in violation of the Court's Local Rules, plaintiff would not otherwise be entitled to relief on this ground. Plaintiff notes that the vocational expert was unable to name a job other than laundry worker that plaintiff could perform given her physical and psychological limitations, and asserts sarcastically that "there is apparently some peculiar yet unidentified feature of laundry work such that, despite limitations that preclude [plaintiff] from performing any of the other 2,299 sedentary, light, and medium unskilled occupations, she can still perform this type of work." Pl. Brief at 27.

Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id.

Here, plaintiff does not challenge a finding made by the ALJ or the Commissioner. Instead he takes issue with the opinion of the vocational expert. The Court finds that the ALJ's conclusion on disability is supported by substantial evidence in this case. Plaintiff's sarcasm aside, she offers nothing in the record to suggest that the vocational expert's opinion regarding her ability to perform her past work as a laundry worker is not supported by substantial evidence. Accordingly, plaintiff may not obtain relief on this ground, even if it were raised properly.

## IV.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this /e day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE